UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANNA NELSON,
a Maryland citizen and resident,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
d/b/a NORWEGIAN CRUISE LINES,
a Bermuda corporation, and AVENTURAS
Y EXPEDICIONES DE LOS CABOS S.A. DE CV,
d/b/a "CABO ADVENTURES"

      Defendants,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANNA NELSON, a citizen and resident of the State of Maryland, sues Defendants NCL (BAHAMAS) LTD., a Bermuda corporation with its principal place of business in Florida doing business as NORWEGIAN CRUISE LINES; and AVENTURA Y EXPEDICIONES DE LOS CABOS S.A. DE CV, a Mexican Corporation doing business as "CABO ADVENTURES" and states as follows:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff ANNA NELSON is *sui juris* and is a resident and citizen of the State of Maryland.

*Nelson v. NCL*

3.      Defendant NCL (BAHAMAS) LTD. is a Bermuda Corporation doing business as NORWEGIAN CRUISE LINES (hereinafter "NCL") with its principal place of business in Miami, Miami-Dade County, Florida.  NCL is therefore a citizen both of Bermuda and of Florida for purposes of determining subject matter jurisdiction over this action.

4.      Defendant, AVENTURA Y EXPEDICIONES DE LOS CABOS S.A. DE CV is a Mexican corporation doing business at all material times as "CABO ADVENTURES".

5.      Subject matter jurisdiction exists based on diversity and alienage pursuant to 28 U.S.C. §1332, since Plaintiff is a citizen and resident of the State of Maryland, Defendant NCL is a citizen both of Bermuda and of Florida for jurisdictional purposes, and Defendant CABO ADVENTURES is a Mexican corporation.  The damages and injuries to Plaintiff alleged in Paragraph 41 below, including leg and ankle fractures requiring multiple surgical repairs, support an award of damages in excess of the jurisdictional amount of $75,000.

6.      Defendants, at all times material hereto, personally or through an agent:

      a.      Operated, conducted, engaged in or carried on a business venture in this state and/or   county or had an office or agency or principal place of business in this state and/or county;

      b.      Were engaged in substantial activity within this state;

      c.      Operated vessels in the waters of this state;

      d.      Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

      e.      The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

      f.     Defendants were engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

7.     In the operative ticket contract, NCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.     Venue is also proper in this district because Defendants' principal place of business is located within this district.

9.     The Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and written medical records were prepared onboard the ship.  Furthermore, the Plaintiff gave the Defendant by letter a timely written notice of claim, as required by the ticket contract, on 09/26/2024. A copy of the notice of intent correspondence is attached as "Exhibit A".

## THE TOUR OPERATOR'S ACTIVITIES IN FLORIDA SATISFY A FINDING OF SPECIFIC JURISDICTION UNDER FLORIDA STATUTE § 48.193(1)(a).

10.     At all times material hereto, the activities of the Defendant CABO ADVENTURES in Florida satisfy the specific jurisdiction provision of Florida Statute §48.193(1)(a), by acts that include, but are not limited to, (a) maintaining a place of business in Miami, Florida; (b) reaching out to Florida-based cruise lines, insurers, cruise industry associates, and/or premium financing companies for purposes of operating, conducting, engaging in, and/or carrying on a business and/or business venture in this state; and/or (c) contractually agreeing to indemnify Florida-based cruise lines (entities mostly located in Miami and Fort Lauderdale) for any harm resulting to cruise

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

passengers, thereby insuring a "person, property, or risk located within this state" and/or planning

Mexican excursions with the assistance of Defendant NCL out of NCL's offices in Miami, Florida.

### CABO ADVENTURES' CONTRACT WITH NCL MEETS ALL REQUIREMENTS TO SATISFY A FINDING OF SPECIFIC JURISDICTION UNDER FLORIDA STATUTE § 48.193(1)(a)(9).

11.     At all times material hereto, CABO ADVENTURES entered into a contract with NCL

concerning the subject excursion, which (a) contains a choice-of-law clause designating Florida

law as the governing law; (b) contains a provision whereby CABO ADVENTURES agree to submit

to the exclusive jurisdiction of the courts of Florida; (c) involves consideration of not less than

$250,000 or relate to an obligation arising out of a transaction involving in the aggregate not less

than $250,000; (d) does not violate the U.S. Constitution; and (e) has at least one party of the

contract that is a resident of Florida or incorporated under the laws of Florida.  Therefore, the

contract between NCL and CABO ADVENTURES meets all requirements to satisfy a finding of

specific jurisdiction under Florida Statute § 48.193(1)(a)(9).

### CABO ADVENTURES' CONTINUOUS AND SYSTEMATIC GENERAL BUSINESS CONTACTS WITH FLORIDA SATISFY A FINDING OF GENERAL JURISDICTION UNDER FLORIDA STATUTE § 48.193(2).

12.     At all times material hereto, CABO ADVENTURES has engaged in substantial and

not isolated activity within this state, including, but not limited to: (a) reaching out to cruise lines

in Florida and establishing long-term partnerships with them; (b) deriving a substantial portion of

their revenues from their business with Florida-based cruise lines; (c) periodically traveling to

Miami to meet with cruise line executives for purposes of maintaining the business relationships

and/or obtaining new business; (d) procuring insurance through companies in Florida;

(e) maintaining Florida entities as "Agents of Record" for insurance purposes; (f) agreeing to

insure and indemnify entities in Florida; (g) signing premium financing agreements with Florida

*Nelson v. NCL*

entities in order to obtain a loan to pay for liability insurance premiums; (h) buying parts and/or supplies from Florida-based suppliers to operate their excursions; (i) signing powers of attorney and/or appointing attorneys-in-fact in Florida to carry out their Florida operations; (j) participating in cruise industry trade shows in Miami (e.g., Sea trade); (k) maintaining active membership in Florida Caribbean Cruise Association, based in Florida, and/or planning excursions, including the subject excursion, with the assistance of NCL out of NCL's offices in Miami, Florida.

13.     At all times material hereto, CABO ADVENTURES has been in the business of providing excursions to cruise line passengers in Mexico through Florida-based cruise lines, including NCL, and/or its affiliates. By being under contract with the Florida-based cruise lines, CABO ADVENTURES receives the benefit of the cruise lines' advertising and promotional efforts.

14.     Additionally, at all material times, CABO ADVENTURES coordinates its ticket sales, and ancillary activities specifically relevant to the liability in this case such as transportation, by and through Miami based employees of NCL. Specifically, NCL shoreside employees based in Miami tasked with selling tickets for the subject excursion are constantly in communication with CABO ADVENTURES employees about their capacity for individual excursions and their ability to obtain adequate transportation for NCL passengers for purposes of determining how many tickets can be sold for any specific excursion. To the extent NCL's passengers represent more demand than CABO ADVENTURES is capable of handling, so NCL and CABO ADVENTURES work to increase their capacity capabilities so the two companies can sell additional tickets. At times, including in the case of the Plaintiff, that involves attempting to obtain additional transportation options, when the demand for excursion tickets exceeds the transportation capacity of CABO ADVENTRUES, as it did in this case.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

15.     At all times material hereto, CABO ADVENTURES' arrangement with the Florida-based cruise lines and the circumstances of this case are markedly different than those at issue in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).  Herein, unlike *Daimler*, the Plaintiff is suing a Florida- based cruise line (NCL) for injuries sustained while participating in an excursion operated by agents of the cruise line (CABO ADVENTURES) -- agents set up almost exclusively to do business with cruise lines (a majority of which are based in Florida).  Further unlike *Daimler*, NCL is "at home" in this jurisdiction because NCL maintains its principal place of business in Florida.  Thus, under *Daimler*, CABO ADVENTURES is also deemed "at home" in this jurisdiction by their direct and indirect contacts with Florida (through the Florida-based cruise lines).

## CABO ADVENTURES' ACTIVITIES IN FLORIDA SATISFY
## A FINDING OF JURISDICTION UNDER FED. R. CIV. P. 4(K)

16.     At all times material hereto, CABO ADVENTURES has also been subject to jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) the instant maritime tort claims arise under federal law; (b) CABO ADVENTURES is not subject to jurisdiction in any state's courts of general jurisdiction; and (c) exercising jurisdiction over CABO ADVENTURES is consistent with the United States Constitution and laws based on CABO ADVENTURES' minimum contacts with the United States as a whole such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.  These minimum contacts are set forth in the above allegations, and include, but are not limited to, CABO ADVENTURES' location and operation in the United States, as well as marketing, promoting, and selling tickets for its excursions in the United States as well as planning individual excursions with the cruise line, including transportation to and from the excursions.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

17.     At all material times, Defendant NCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the vessel the M/S BLISS ("BLISS").

18.     At all material times, including the injury date of November 3, 2023, the Plaintiff was a fare paying passenger who booked a voyage onboard the BLISS, which offered among other activities shore excursion activities at a port of call in Cabo, Mexico.

19.     NCL entered into an agreement with CABO ADVENTURES, a foreign commercial entity located in Cabo, Mexico, in which NCL agreed to market, meaning offer electric bicycle riding services to its cruise passenger(s), and sell, meaning contract with and collect money from its passengers, on behalf of CABO ADVENTURES from its passengers. In turn, NCL contracted with CABO ADVENTURES for CABO ADVENTURES to provide the services, i.e., the electric bike riding service, offered by NCL during the subject excursion.

20.     NCL markets the subject excursion through its website, pre-cruise and on board print promotional and sales materials, onboard announcements, smart phone apps for the voyage, on board excursion desk and onboard television programming.

21.     Cruise passengers cannot purchase shore excursions, including the electric bicycle riding excursion referenced above, except through NCL. Passengers can purchase shore excursions on NCL's website during the NCL booking process or on the cruise ship during the voyage.

22.     While in the process of booking the cruise on the NCL website, NCL bombarded Plaintiff with different shore excursions to purchase. One of those excursions was the "Electric Bike Adventure" including the subject electric biking activity.

23.     Relying upon the advertisement and information provided by NCL, Plaintiff chose

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

the "Electric Bike Adveture" including the subject electric bicycling activity and purchased it from

NCL's website during the booking process.

24.     The fee for the excursion was charged to and collected from the Plaintiff by NCL.

25.     Based upon the information and documents provided by NCL to Plaintiff during

the booking process, the fact that Plaintiff purchased the subject excursion tickets directly from

NCL, and in reliance on the information provided by NCL, Plaintiff reasonably believed that there

was a contract between Plaintiff and NCL to provide the excursion and that the subject excursion

was either operated by NCL or through an agent/partner of or service provider hired by NCL.

Moreover, Plaintiff reasonably albeit mistakenly believed that an excursion offered, marketed by,

and purchased from NCL, its agent (disclosed or undisclosed), and/or service provider would

adhere to the highest safety standards in the industry as represented in promotional and marketing

materials.

26.     To all outward appearances, NCL contracted with Plaintiff to provide the subject

excursion and NCL was the operator of the excursion and/or the excursion was being provided by

an agent/partner and/or service provider that was fully vetted and hired by NCL.  Furthermore, no

representations contained in any of the fine print of NCL's literature or website ever expressly

advised Plaintiff that the circumstances were otherwise and/or that the well-recognized industry

wide safety standards would not govern the excursion.

27.     Plaintiff would not have participated in the subject excursion if Plaintiff had known

the excursion was neither operated by NCL nor operated alternatively by a NCL service provider

or agent adhering to well-recognized industry wide safety standards.

28.     NCL contracted with Plaintiff to provide the subject excursion services and/or the

services were provided by an agent/partner/joint-venturer of NCL, namely CABO

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

ADVENTURES, as manifested by NCL's marketing information and materials.

29.     NCL never identified CABO ADVENTURES as the owner and operator of the excursion; to the extent Plaintiff was aware of CABO ADVENTURES at all, Plaintiff understood CABO ADVENTURES to be an agent/partner/joint venturer and/or service provider hired by NCL to provide the electric bicycling activity offered by NCL.

30.     NCL obtains payment for the excursions online and/or onboard the cruise through the guests' onboard account.

31.     At all times material hereto, NCL participated in the income and losses generated by the operation of the subject excursion.

32.     NCL exercises control over the subject excursion including the electric bike ride in its requirements for its operation, insurance and safety.

33.     NCL has control over the arrangement, marketing and sales of the subject excursion including the electric bike ride.

34.     NCL passengers cannot book the subject excursion including the electric bike ride without booking directly through NCL.

35.     NCL is a service provider hired to provide the subject excursion including the electric bike ride that NCL agreed by contract to provide, as an agent of NCL, a partner with NCL and/or a joint venturer with NCL. Any representations of NCL to the contrary do not control the legal status of the parties. Further, even if the excursion operator were an independent contractor, NCL is not relieved of its duty of care to passengers with whom it contracted simply because NCL hires a contractor to provide the services offered by NCL and/or to verify that its representations made in its literature and elsewhere about its excursions being operated in a safe manner in accordance with applicable well recognized minimal safety standards and/or that participants

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

would be safe while participating.

36.     The subject excursion- specifically the "Electric Bike Excursion"- given the nature and type of activity offered and provided by or on behalf of NCL, is an inherently and foreseeably dangerous activity, liability for which NCL cannot delegate, and remains liable to Plaintiff.

37.     On November 3, 2023, the BLISS stopped at the port of Cabo, Mexico.

38.     On November 3, 2023, Plaintiff presented herself to a predetermined meeting point and was transported to the excursion location. The electric bicycle riding excursion consisted of several electric bicycles, which were guided by "tour leaders" throughout the bike trail.

39.     After arriving at the electric bicycle riding location, the participants were given helmets by the excursion staff. Despite the representations provided in the description of the subject excursion as set forth above, the participants did not receive a full safety briefing, and were instead rushed through the safety training because the "tour leaders" informed the Plaintiff and other participants that they had arrived at the start location later than the scheduled time and so would have to abbreviate some of the preliminary steps. Plaintiff even requested additional safety equipment besides the helmet that was provided and was informed that her excursion was "easy" and that the additional equipment was only necessary or available for different excursion trails. Notably, there was no information provided to the participants regarding how to approach sharp turns along the trail safely.

40.     During the course of the excursion each vehicle followed a "tour leader," who was riding an electric bicycle at the front of the group. The electric bicycles being ridden by the excursion participants followed in a primarily straight line in the rough terrain. Approximately thirty minutes after the excursion began, the group approached a sharp turn

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

along the trail. This specific portion of the trial was shared with ATV riders who were driving

in a loose sand filled portion of the trail.   While Plaintiff was making the sharp turn, her bike

made contact with slippery loose sand that had accumulated on the riding pathway due to

ATV riders who were also using this portion of the trail. As soon as Plaintiff's front tire made

contact with the area of accumulated sand, she lost control of her electric bicycle and she fell

off of it; the electric bicycle then fell on top of her.

41.     As a direct and proximate result of the events described in the preceding paragraph,

Plaintiff was injured in and about her body and extremities, sustaining injuries including fractures

to her right leg and ankle, requiring multiple surgical repairs, suffered pain and mental anguish

therefrom, and sustained disfigurement, disability and the inability to lead a normal life.

Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in

the past and future as a result of his injuries, the future medical damages being reasonably certain

to occur. She has sustained aggravation or activation of preexisting injuries and conditions.

Plaintiff has also lost earnings, and ultimately her job and has sustained a loss of capacity to earn

money in the future. These damages are permanent or continuing in nature and Plaintiff will

continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT FAILURE TO WARN
### (AGAINST NCL)

42.     Plaintiff adopts, realleges and incorporates by reference all allegations of

Paragraphs 1 through 41 above and further alleges the following matters.

43.     At all material times, Defendant NCL, individually and/or by and through its

service providers, agents, servants, joint venturers and/or employees owed Plaintiff non-delegable

duties, including a duty to warn of dangers of which the carrier knew or reasonably should have

known. This duty extends beyond the port to places where the passenger is invited to or may

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

reasonably be expected to visit. NCL advertised, marketed, sold and contracted with Plaintiff to provide the subject excursion including the electric bike ride excursion and, thus, should have expected Plaintiff to visit it and participate in it.

44.     The inherently dangerous conditions of the subject electric bicycle riding excursion include:

    a.   Operating the excursion in dangerous path conditions (i.e., narrow, sharp, improperly maintained, uninspected, unmarked and/or hazardous conditions);

    b.   Operating the excursion in an unsafe, dangerous, and reckless manner;

    c.   Operating the excursion without adequate supervision over the participants' ability to navigate sharp turns on loose sand;

    d.   Inadequate instructions and training for participants with regard to speed, pace, and turning techniques;

    e.   Inadequate training, supervision, and equipment for drivers and passengers;

    f.   Non-existent or insufficient communications between tour "leaders" and participants to prevent foreseeably dangerous loss of control of the electric bicycles and/or crashes;

45.     The dangerous conditions of the subject excursion were not open and obvious to passengers, including Plaintiff, because the conditions on the excursion on November 3, 2023, including the lack of a safety briefing for all participants and inadequate supervision over drivers, were vastly different from the description of the excursion as provided on NCL's digital brochure.

46.     Defendant NCL had actual or constructive knowledge of the dangerous conditions of the excursion as set forth above because:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

a.  Upon information and belief, NCL visited and participated in the excursion as part of its initial and interim (i.e., annual renewal) approval process for selecting the subject excursion to be offered to its passengers and, thus knew or should have known of the dangerous and/or defective conditions;

b.  Upon information and belief, NCL reasonably should have visited and participated in the excursion as part of its initial and interim (i.e., annual renewal) approval process for selecting the subject excursion to be offered to its passengers and, thus acting with due diligence for the safety and well-being of its paying passengers/customers discovered and should have reasonably known of the inherently dangerous and foreseeable conditions (narrow and sharp turning, course hazards, etc.) its chosen and vetted excursion subjected its passengers to;

c.  The industry has been plagued with many excursion injuries, which NCL, an industry leader, either knew of or which it should have known by the exercise of reasonable care under the circumstances;

d.  NCL received guest feedback regarding the excursion in comment forms, online, on its website, or at its shipboard excursion and/or concierge desk, from previous passengers about the dangerous conditions of the sand accumulating on portions of the bike trail involving the subject electric bike rides. Specifically, on July 21, 2021, a review was posted onto the booking website affiliated with CABO ADVENTURES' excursion that stated that participants had trouble operating their electric bicycles in the sand, and even got stuck in the sand while operating their electric bicycles;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

  e. NCL received complaints from previous passengers about the dangerous conditions during the subject electric bicycle rides;

  47. Alternatively, Defendant NCL had constructive knowledge of the dangerous conditions described above because those conditions existed for a sufficient length of time so that NCL should have known, through the exercise of reasonable and due care, under the circumstances, of it when visiting the site to ensure it was safe for its passengers.

  48. Defendant NCL breached its duty to warn Plaintiff and was thereby negligent by failing to warn of the dangerous conditions described above, and was thereby negligent, in one or more of the following ways:

  a. Failing to provide adequate warnings of the inherently dangerous conditions for the subject electric bike riding excursion;

  b. Failing to warn passengers, including Plaintiff, that NCL does not inspect and/or maintain, or periodically participate in the subject electric bicycle riding excursion;

  c. Failing to advise Plaintiff and other passengers that NCL does not verify that the subject electric bicycle riding excursion is reasonably safe and/or inspected;

  d. Failing to warn passengers that the subject electric bicycle riding excursion does not have sufficient safety equipment;

  e. Failing to warn passengers that the subject electric bicycle riding excursion does not maintain proper communication between guides and participants;

  f. Failing to warn passengers of the inherently dangerous conditions described in Paragraph 44 above.

  49. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff lost control of her electric bicycle, fell and was injured as alleged

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

in Paragraph 40 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 41 above.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendant NCL as well as court costs and further demands trial by jury for all such issues so triable as a matter of right.

## COUNT II - NEGLIGENT SELECTION OF TOUR OPERATOR CABO ADVENTURES (AGAINST NCL)

50.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 41 above and further alleges the following matters.

51.     At all material times, NCL owed passengers, including Plaintiff, the duty to exercise reasonable care to hire a competent and careful tour operator/service provider to perform the excursion. NCL knew or should have known that its duty of reasonable care required that a reasonable investigation and background check should have been performed by it before entering into an agreement with CABO ADVENTURES.

52.     NCL knew or reasonably should have known, at the time of hiring or selection, that CABO ADVENTURES was incompetent or unfit to conduct the subject excursion because:

  a.   The electric bicycles used during the excursion were not properly equipped with reasonably necessary safety features;

  b.   The safety briefing for the excursion was inadequate with regard to providing passengers with information to reasonably ensure safe navigation of sharp and narrow turns;

  c.   The NCL employees did not maintain or execute adequate safety measures with regard to an established program to monitor and/or supervise the activities and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

operation of electric bicycle riding participants during the course of their excursions;

d.  CABO ADVENTURES' provision of an inherently dangerous activity, and its visible, discoverable and foreseeable hazards, incompetence and/or unfitness existed for a sufficient length of time so that NCL, through exercise of reasonable care and due diligence, under the circumstances, should have known of these inherently dangerous circumstances when visiting the site to ensure it was safe to sell the subject excursion to its passengers.

53.    NCL breached its duties to hire a competent and careful tour operator/service provider to perform the subject excursion and was thereby negligent in one or more of the following ways:

a.  Failing to institute safety inspection procedures to make sure that the inherently dangerous conditions of the electric bicycle rides were discovered, warned of, modified, ameliorated through appropriate restrictions based upon the participants' ages, health, fitness, and ability, and otherwise reasonably made safe at the time of selection;

b.  Selecting a tour operator that failed to properly equip its electric bicycles with proper safety equipment;

c.  Failing to determine whether CABO ADVENTURES maintained or executed an established safety program to monitor and/or supervise the activities and operation of participants during the course of electric bicycle tours;

d.  Failing to review CABO ADVENTURES' alleged safety briefing to ensure that participants would be provided with adequate information as to safe operation of

*Nelson v. NCL*

their electric bicycles, including safely navigating narrow and sharp turns and pathway hazards such as accumulated sand;

e.  Selecting a tour operator that failed adequately to monitor, inspect and maintain the subject route, along with the behavior and operation of participants, in a reasonably safe manner; and/or

f.  Selecting a tour operator who was inattentive to participants' (including Plaintiff's) safety.

54.  Despite NCL's lack of knowledge of CABO ADVENTURES' fitness to operate the excursion in a prudent and safe manner, it allowed for and/or engaged with and/or negligently selected and/or approved  CABO ADVENTURES TOUR OPERATOR to operate the excursion.

55.  As a direct and proximate result of one or more of the Defendant NCL's negligent acts as described above, the Plaintiff was injured as described in Paragraph 40 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 41 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant NCL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## <u>COUNT III - NEGLIGENT RETENTION OF TOUR OPERATOR</u><br><u>(AGAINST NCL)</u>

56.  Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 41 above and further alleges the following matters.

57.  At all material times, NCL owed passengers, including Plaintiff, the duty to exercise reasonable care, when reviewing its ongoing relationships with vendors and tour

*Nelson v. NCL*

operators, to retain a competent and careful tour operator/service provider to continue to perform the excursions offered.

58.     NCL knew or reasonably should have known, during the course of its retention of CABO ADVENTURES, that CABO ADVENTURES was incompetent or unfit to conduct the subject excursion because:

a.  The electric bicycles were not properly equipped with safety equipment;

b.  The electric bicycle ride excursion lacked any or maintained inadequate safety briefing program with regard to providing passengers with information to reasonably ensure safe speed, operation, and/or ability to safely make sharp turns while using the electric bikes;

c.  CABO ADVENTURES' employees did not maintain or execute adequate safety measures with regard to an established program to monitor and/or supervise the activities and operation of electric bike riding participants during the course of electric bike tours;

d.  CABO ADVENTURES' provision of an inherently dangerous activity, and its visible, discoverable and foreseeable hazards, incompetence and/or unfitness existed for a sufficient length of time so that NCL, through exercise of reasonable care and due diligence, under the circumstances, should have known of these inherently dangerous circumstances when visiting the site to ensure it was safe to sell the subject excursion to its passengers.

59.     NCL breached its continuing duties to retain a competent and careful tour operator/service provider to perform the subject excursion and was thereby negligent in one or more of the following ways:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

a.  Failing to investigate CABO ADVENTURES' performance on an ongoing basis;

b.  Failing to institute safety inspection procedures to make sure that the inherently dangerous conditions of the electric bike rides were discovered, warned of, modified, ameliorated through appropriate restrictions based upon the participants' ages, health, fitness, and ability, and otherwise reasonably made safe during the course of retention;

c.  Failing to determine whether CABO ADVENTURES was still qualified to safely operate the electric bicycle riding excursion;

d.  Failing to periodically request that CABO ADVENTURES provide NCL safety inspection reports of the electric bicycle riding excursion;

e.  Continuing to retain a tour operator that failed to properly equip its electric bicycles with proper safety equipment;

f.  Continuing to retain CABO ADVENTURES despite its failing to demonstrate an ongoing safety program to monitor and/or supervise the activities and operation of participants during the course of its electric bicycle riding tours;

g.  Failing to periodically review CABO ADVENTURES' alleged safety briefing to ensure that participants would be provided with adequate information as to safe operation of electric bikes, including speed, pace, and ability to make sharp turns safely;

h.  Continuing to retain a tour operator that failed to operate the excursion in a reasonably safe manner, and whose supervisors failed to monitor, inspect and maintain the subject excursion, including the electric bicycles and riding trail, to ensure safe behavior and operation of participants;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

    i.   Selecting a tour operator who was inattentive to passengers' (including Plaintiff's)
         safety.

60.     The negligent acts of NCL, described above, allowed CABO ADVENTURES to
continue to operate the excursion despite CABO ADVENTURES' failure to meet the minimum
requirements for operating such excursion in a prudent and reasonable manner such that the
operation of the excursion created a risk and hazard to the Plaintiff.

61.     As a direct and proximate result of one or more of the Defendant's negligent acts
as described above, the Plaintiff was injured as described in Paragraph 40 above and has thereby
sustained and will continue in the future to sustain the damages alleged in Paragraph 41 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant NCL for compensatory
damages, interest and the costs of this action and further demands trial by jury of all issues so
triable as of right.

## COUNT IV – NEGLIGENCE BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL (AGAINST NCL)

62.     Plaintiff adopts, realleges and incorporates by reference all allegations of
Paragraphs 1 through 41 above and further alleges the following matters.

63.     At all times material thereto, NCL made manifestations that caused Plaintiff to
believe that CABO ADVENTURES had authority to act for the benefit of NCL. These
manifestations included:

    a.   NCL advertised in series of internet, brochure, and other media about the
         availability of the electric bicycle riding excursion;

    b.   NCL allowed its name to be utilized in connection with the advertising of CABO
         ADVENTURES and the subject excursion;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

c.  NCL made all arrangements for the subject excursion without effectively disclosing to, and warning Plaintiff that the subject excursion was being run by another entity, and/or entities, unrelated to NCL;

d.  NCL represents on its website, at its dedicated shipboard excursion desk, and in its shore excursion brochure, that excursions are planned by partners, with no further explanation, warning or material information to allow Plaintiff and others to make informed or knowing decisions regarding the role and fitness of the partners or the passengers' vacation choices and safety;

e.  NCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or its ship, and in pre-cruise advertising, online and other promotional materials, without effectively disclosing to Plaintiff that said excursion was being run by another entity and/or entities;

f.  NCL maintains an excursion/concierge desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without effectively disclosing to Plaintiff that said excursion was being run by another entity and/or entities;

g.  NCL recommended to Plaintiff not to engage in excursions, tours, activities that are not sold through NCL, as NCL has no familiarity with other tours or their operations, despite the ready availability of the same excursions once passengers arrive at the port of call or before over the internet, often at lower prices, solely to protect NCL's profits;

h.  NCL incorrectly assured Plaintiff that its insured partners adhered to the highest safety standards in the industry;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

    i.   The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by NCL;

    j.   Plaintiff's receipts for the purchase of the subject excursion were issued exclusively by NCL; and/or

    k.   NCL integrated excursions into the cruise vacation experience- as port experiences, often unique to the foreign port of call, that are the *sine qua non* of cruising.

64.    Plaintiff reasonably relied on the above, as alleged, to his detriment, so as to believe that CABO ADVENTURES personnel were employees and/or agents and partners of NCL when choosing the subject excursion.

65.    It was reasonable for Plaintiff to believe that CABO ADVENTURES personnel were NCL employees and/or agents because the Plaintiff booked, paid for and made all necessary arrangements for the subject shore excursion with NCL. NCL's actions caused Plaintiff to believe that CABO ADVENTURES had authority to act on NCL's behalf. At no time did NCL represent to or warn the Plaintiff in particular or other cruise ship passengers, in a meaningful way, that CABO ADVENTURES's personnel were not agents, partners or employees of NCL.

66.    Plaintiff's reasonable reliance was detrimental because Plaintiff would not have booked, paid for and/or participated in the subject excursion and therefore incurred any injuries had the Plaintiff known the subject excursion was neither operated by nor properly and diligently vetted by NCL.

67.    On August November 2, 2023, NCL and/or CABO ADVENTURES and/or their agents, employees, and/or staff breached their duty to provide Plaintiff with reasonable care under the circumstances, in one or more of the following ways:

    a.   Failing to provide a reasonably safe excursion;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

    b.   Failing to adequately ensure that the subject excursion was reasonably safe for participants;

    c.   Failing to provide passengers, including Plaintiff, with a safety orientation or instructions on how to properly and safely operate the electric bicycles furnished during the excursion;

    d.   Failing to ensure that properly trained and supervised persons operated the subject excursion.

68. The foregoing acts of negligence of NCL and/or CABO ADVENTRUES were a foreseeable, direct and proximate cause of the Plaintiff's injuries.

69. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff was injured as described in Paragraph 40 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 41 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant NCL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT V - NEGLIGENCE**</u>
**(AGAINST TOUR OPERATOR CABO ADVENTURES)**

70.    Plaintiff realleges, adopts and incorporates by reference the allegations of Paragraphs 1 through 41 as though alleged originally herein and further alleges the following matters:

71.    It was the duty of CABO ADVENTURES to provide Plaintiff with reasonable care under the circumstances, including the exercise of reasonable care in operating and supervising the subject excursion.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

72.     On or about November 2, 2023, CABO ADVENTURES and/or its agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances by committing the following acts of negligence:

a.     CABO ADVENTURES knew or should have known of the dangerous conditions described in Paragraph 44 in sufficient time prior to continuing with the excursion and should had not exposed the Plaintiff to the unreasonable risks associated with these dangerous conditions without warning the Plaintiff of the hazards to which she was going to be exposed if he participated in the excursion on that day;

b.     CABO ADVENTURES provided incorrect and inaccurate information about the safety and condition of the excursion to the Plaintiff, by stating in its excursion brochure that the excursion was suitable for passengers, and that CABO ADVENTURES would provide a safety briefing for participants, when in fact CABO ADVENTURES knew or should have known that the safety information it provided was neither true nor accurate. If Plaintiff had known of these facts, Plaintiff would have not proceeded to attend the excursion and avoided the incident which is the subject of this complaint.

73.     At the time and place of the subject excursion, CABO ADVENTURES so recklessly or negligently maintained, operated or controlled said excursion as to cause the Plaintiff to be injured thereon at a time when CABO ADVENTURES caused the premises to be unsafe, and knew, or by the exercise of ordinary care, should have known, that the excursion was not in a reasonably safe condition commensurate with the circumstances of its use by invitees.

74.     On July 21, 2021, a review was posted directly to CABO ADVENTURES' website

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

that explained the troubles participants experienced while they were trying to navigate the sand on the bicycle trails. Specifically, this review stated that some participants could not safely operate their bicycles in the sand, the same condition that caused the Plaintiff, ANNA NELSON, to lose control of her electric bicycle and fall.

75.     At the time and place of the aforesaid incident, CABO ADVENTURES failed to exercise proper care in maintaining the excursion, including the electric bicycles and riding trail used during the excursion, in a safe condition.

76.     At the time and place of the subject excursion, CABO ADVENTURES knew or should have known of the existence of the dangerous conditions described in Paragraph 44 at the excursion for a period of time sufficient to put CABO ADVENTURES on notice, and CABO ADVENTURES failed to implement its duty to maintain the excursion, electric bicycles and riding trail in a reasonably safe condition, or alternatively knew of the existence of the dangerous condition at the excursion, and in the exercise of its duty to maintain the said excursion in a reasonably safe condition for the Plaintiff's use, so carelessly and negligently maintained said excursion that it was, in fact, a hazard, and it proximately caused the Plaintiff to lose control of her electric bicycle, fall, and sustain injuries as alleged above.

77.     As a direct and proximate result of one or more of the Defendant CABO ADVENTURES' negligent acts as described above, the Plaintiff was injured as described in Paragraph 40 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 41.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendant CABO ADVENTURES, as well as court costs and further demands trial by jury for all such issues so triable as a matter of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

## <u>COUNT VI - NEGLIGENCE BASED ON JOINT VENTURE</u>

78.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 41 above and further alleges the following matters.

79.     At all times material thereto, NCL and CABO ADVENTURES were engaged in a joint venture to provide excursions to passengers aboard NCL's ship(s).

80.     At all times material thereto, NCL and CABO ADVENTURES entered into an agreement where NCL would sell the subject excursion to its passengers and CABO ADVENTURES would operate said excursion.

81.     As part of the joint venture, NCL arranged for, sponsored, recommended, marketed, operated, sold and/or collected money for the subject excursion and the money was then shared between NCL and CABO ADVENTURES. As its role in the joint venture, NCL and/or CABO ADVENTURES provided labor and/or operated the subject excursion.

82.     NCL, on behalf of the joint venture, charged a fee to passengers who utilized the excursion(s). The fee was split between NCL and CABO ADVENTURES.

83.     At all times material thereto NCL and CABO ADVENTURES had joint and/or shared control over aspects of the joint venture.

84.     CABO ADVENTURES had control over the day-to-day working of the excursion(s).

85.     NCL exercises control over CABO ADVENTURES by way of its requirements for its operation, insurance, indemnification, and safety.

86.     NCL had control over the arrangements, marketing, and sales of the excursion, and distribution of excursion tickets onboard its vessels including the BLISS.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

87.     At all times material thereto, NCL and CABO ADVENTURES shared a common purpose: to sell and operate the subject electric bike riding excursion for a profit.

88.     At all times material thereto, NCL and CABO ADVENTURES had a propriety and/or ownership interest in the subject excursion. NCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject excursion as well as collecting money for such an excursion, and CABO ADVENTURES had a proprietary interest in the time and labor expended in operating the subject excursion.

89.     At all times material thereto, NCL and CABO ADVENTURES shared any losses sustained from the joint venture.

90.     NCL and CABO ADVENTURES are jointly and severally responsible for each other's negligence.

91.     At all times material thereto, NCL and CABO ADVENTURES, based on the facts alleged above:

     g.   Had an intention to create a joint venture;

     h.   Had a joint propriety interest in the subject manner of the venture;

     i.   Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

     j.   Had a right to share in the profits of the joint venture; and

     k.   Would share losses that may have been sustained.

92.     As joint venturers, NCL and CABO ADVENTURES are liable for each other's negligence. As a result, NCL is liable for the negligent conduct of CABO ADVENTURES, and CABO ADVENTURES is liable for NCL's negligence.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Nelson v. NCL*

93.     As a direct and proximate result of the negligence of Defendant NCL and its joint venturer, CABO ADVENTURES, the Plaintiff was injured as alleged in Paragraph 40 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 41 above.

**WHEREFORE,** Plaintiff demands judgment against Defendants NCL and/or CABO ADVENTURES, jointly and severally, for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

Respectfully submitted on October 25, 2024.

**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:      (305) 371-6000
Facsimile:      (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com